UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DALE P. STOCKER,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, NORTH CENTRAL REGION,

Defendant.

Civil No. 00-2016 (ADM/FLN)

ORDER

Plaintiff, a prisoner at the Federal Medical Center in Rochester, Minnesota, has filed a complaint seeking relief under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671 et seq.[1] He claims that he was harmed by the prison conditions that he endured during 1999, when he was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.

Plaintiff did not tender the requisite filing fee with his Complaint, but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated September 6, 2000, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the

[1] The caption of the complaint initially led the Court to suspect that Plaintiff was attempting to bring a civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than an FTCA action. Because the nature of Plaintiff's intended cause of action was unclear, he was invited to file an amended pleading that would (hopefully) clarify the matter. (See Order dated September 6, 2000, [Docket No. 3], p. 3, n. 1; Order dated September 28, 2000, [Docket No. 6].) Although Plaintiff has elected not to file an amended complaint, he has now made it clear that he is seeking relief under the FTCA. (See Plaintiff's untitled submission dated October 3, 2000, [Docket No. 7].)

FILED NOV 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 8), and the matter is therefore before the Court for the purpose of determining whether Plaintiff should be allowed to prosecute his claims as an IFP litigant.

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that Plaintiff will be allowed to bring the present action without pre-paying the full filing fee. He will, however, be required to pay the unpaid balance of the filing fee, (in this case, $134.12), in installments pursuant to 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the named Defendant served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). A summons shall therefore be issued, and the U.S. Marshal will be directed to serve a copy of the summons and Plaintiff's complaint on Defendant, in the manner prescribed by Fed. R. Civ. P. 4(i). The Clerk of Court will be directed to make a copy of the complaint, (Docket No. 1), to be used for service of process on the named Defendant.

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) If service of process is effected, Defendant will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g)(1). A copy of this Order shall be served with the summons and complaint, so that Defendant will be apprised of its obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, $134.12, in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. The Clerk of Court shall issue a summons, and shall make a copy of Plaintiff's pleading to be used for service of process on the named Defendant;

4. The Marshal shall effect service of process on the named Defendant in the manner prescribed by Fed. R. Civ. P. 4(i);

5. A copy of this Order shall be served together with the summons and Complaint; and

6. If service of process is accomplished, Defendant shall be required to file a response to Plaintiff's pleading.

Dated: Nov. 28, 2000

Franklin L. Noel

FRANKLIN L. NOEL
Chief Magistrate Judge