UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DALE P. STOCKER,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, NORTH CENTRAL REGION,

Defendant.

Civil No. 00-2016 (ADM/FLN)

**REPORT AND RECOMMENDATION**

**THIS MATTER** is now before the Court on Defendant United States' Motion for Dismissal [# 22] and has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed more fully below, the Court recommends that Defendant's Motion be denied in its entirety.

## I. BACKGROUND

Plaintiff, an inmate at the Federal Medical Center ("FMC") in Rochester, Minnesota, filed this Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., suit for money damages arising from his alleged injuries caused by prison conditions at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). (See Docket Nos. 1, 7 & 10.) Defendant now brings this motion for dismissal on the grounds that Plaintiff has failed to state a claim for which relief can be granted and this Court lacks subject matter jurisdiction because Plaintiff: (1) failed to name the United States as the proper Defendant; (2) failed to provide the Court with the requisite expert affidavits supporting his medical malpractice claim; (3) failed to allege the existence of any duty owing to him; (4) the FTCA precludes a federal prisoner from bringing an action for mental or emotional injuries absent a showing of physical injury; and (5) the United States has not waived its

FILED AUG 3 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

sovereign immunity for claims alleging violations of the Eighth Amendment. (See Def.'s Mem. in Supp. of Mot. to Dismiss at 1-2 ("Def.'s Supp. Mem.").) For purposes of this motion, the facts are viewed in the light most favorable to Plaintiff. See Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993).

Plaintiff's allegations arise from his incarceration at FCI Sandstone from February through November 1999. (See Pl.'s Compl. at 3.) Upon his arrival at FCI Sandstone on February 9, 1999, Plaintiff reported an attempted suicide on his medical history report form. (See Def.'s Supp. Mem. at 2.) He also indicated that he had suffered from depression for three years, but did not know if he was currently experiencing depression. (Id. at 3.) During his initial psychological screening on February 12, 1999, Plaintiff reported two suicide attempts in 1996 and denied any contemporaneous psychological problems. (Id.)

In late April 1999, Plaintiff was referred to the Health Services Department for a counseling session because he reported experiencing stress. (See Compl., Docket No. 1 at 7.) During the session, Plaintiff iterated that his stress was caused by the tense and crowded environment at FCI Sandstone. (Id.) He also noted that the environment at FCI Sandstone was more crowded and tense than the disciplinary barracks at Leavenworth, Kansas. (See Def.'s Supp. Mem. at 3.) Plaintiff was referred to numerous resources and advised to return if he needed further counseling. (Id.) Over the next six months, Plaintiff attended several counseling sessions; however, his requests for anti-depressant medication and a less crowded housing unit were respectively ignored and denied. (See Compl., Docket No. 1 at 7.)

On November 21, 1999, Plaintiff was escorted to the Health Services Department after he reported ingesting a bottle of aspirin. (Id.) During a subsequent interview with a staff psychologist,

Plaintiff stated that he had attempted suicide on two other occasions in the past several days by: (1) ingesting nicotine distilled from tobacco; and (2) ingesting a solution of cyanide distilled from apple seeds and peach pits. (Id.) Plaintiff was transferred to a local hospital for observation and was eventually transferred to FMC on November 24, 1999, where he currently resides.

On May 12, 2000, Plaintiff filed an administrative claim for personal injury with the Bureau of Prisons due to the prison conditions at FCI Sandstone. Specifically, Plaintiff claimed that the crowded conditions at FCI Sandstone amounted to cruel and unusual punishment in violation of the Eighth Amendment and led to his attempted suicide. The Regional Office of the Bureau of Prisons denied the claim by letter dated August 3, 2000, and Plaintiff filed the instant lawsuit on August 24, 2000.

## II. DISCUSSION

### A. Plaintiff's FTCA Claim

#### 1. Plaintiff Has Not Failed to State a Claim Upon Which Relief Can Be Granted

##### a. Standard of Review

In the case of a defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court is limited to considering the allegations of the complaint, must take those allegations as true and must view the complaint in the light most favorable to the plaintiff.[1] See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mfg., Inc., 984

[1] Only facts alleged in a complaint and material attached to the complaint, which form part of the pleadings, are properly considered on a motion to dismiss. See County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 n.3 (8th Cir. 1997). In their memoranda, the parties reference other documents that have been filed with the Court. The Court will not consider those documents and chooses not to convert the motion into one for summary judgment.

F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); United States v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. See 5 Wright & Miller, Federal Practice and Procedure: Civil, §§ 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on . . . material points will be introduced at trial." Id. at 122-23. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982); see also Palmer v. Tracor, Inc., 856 F.2d 1131 (8th Cir. 1988); Baxley-DeLamar Monuments Inc. v. American Cemetery Ass'n, 843 F.2d 1154 (8th Cir. 1988).

A court should afford a *pro se* litigant the benefit of the doubt in construing his or her pleadings and factual averments. See Malek v. Camp, 822 F.2d 812 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020 (8th Cir. 1984), cert. denied, 469 U.S. 841 (1984). *Pro se* plaintiffs must, however, meet the same standards as litigants represented by counsel to survive a motion to dismiss, that is, "the complaint must allege facts which, if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions"). It is appropriate to dismiss a *pro se* action only if it is "beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." Id. (citations omitted).

b. **Analysis**

The FTCA is a limited waiver of sovereign immunity which subjects the federal government to liability for certain torts committed by federal employees acting within the scope of their employment. See 28 U.S.C. §§ 2671 - 2680; United States v. Orleans, 425 U.S. 807, 813 (1976). Specifically, the FTCA covers injuries "caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §346(b); Mandel v. United States, 793 F.2d 964, 968 (8th Cir. 1986).

Plaintiff alleges that the overcrowded and impersonal conditions at FCI Sandstone, which violated the Eighth Amendment's prohibitions against cruel and unusual punishment, led to his psychological problems and attempted suicide. (See Pl.'s Resp. to Def.'s Mot. to Dismiss, Docket No. 26 at 2.) While allegations of overcrowding, without more, do not state a claim of cruel and unusual punishment under the Eighth Amendment, see Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir.1982), a plaintiff may state a cognizable Eighth Amendment claim where he or she alleges that overcrowding results in some unconstitutional condition. See Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir.1987) (per curiam) (reversing district court's dismissal of prisoner claim that prison overcrowding caused increased stress, tension and communicable disease among inmate population); see also Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir.1984) (stating that Eighth Amendment violation may occur as a result of overcrowded prison conditions causing increased violence, tension and psychiatric problems). Thus, construed liberally, Plaintiff's allegation that the crowded and

impersonal conditions at FCI Sandstone, which amounted to cruel and unusual punishment in violation of the Eighth Amendment, caused him to suffer depression, stress and attempted suicide, states a claim under the FTCA.[2] See Akao, 832 F.2d at 120.

**2. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Should Be Denied**

**a. Standard of Review**

Fed. R. Civ. P. 12(b)(1), provides that a party may raise the defense of "lack of jurisdiction over the subject matter" in a Motion prior to the filing of an Answer to the Complaint. This sequencing is consistent with the core truth that "federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) (citing Bender v. Williams-Port Area Sch. Dist., 475 U.S. 534, 541, (1986)). A Federal Court, therefore, has a duty, in every case before it, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. See Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n. 3 (8th Cir. 1992); Thomas v. Basham, 931 F.2d

---

[2] The Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain or "are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Plaintiff contends the overcrowded conditions rise to an unconstitutional level. There is no static test for determining whether conditions of confinement are cruel and unusual. The Eighth Amendment must draw its meaning from the evolving standards of decency that mark the process of a maturing society. See Rhodes, 452 U.S. at 346. Whether conditions at a specific prison are unconstitutional necessitates a factual inquiry about the specific conditions at that facility; however, the evidence in the current record is insufficient for this Court to determine whether the alleged overcrowded conditions rise to an unconstitutional level.

521, 523 (8th Cir. 1991). Moreover, as subject matter jurisdiction is a threshold consideration, the Court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993).

In order to properly dismiss an action for want of subject matter jurisdiction, the challenging party must successfully attack the Complaint, either upon its face or upon the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations concerning the jurisdictional issue are presumed to be true, and the motion will be granted when the Plaintiff fails to allege an essential element of subject matter jurisdiction. See Titus, 4 F.3d 590 at 593; Wittman v. United States, 869 F.Supp. 726, 729 (E.D. Mo. 1994).

As a sovereign power, the United States may be sued only to the extent that it has consented to suit by statute. See United States v. Mitchell, 445 U.S. 535, 538 (1980); Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 141 (1972). The terms of any such consent define the extent of a plaintiff's rights and of the Court's jurisdiction to entertain an action. See Lehman v. Nakashian, 453 U.S. 156, 160 (1981). Therefore, in granting its consent to be sued, the United States may attach such conditions and limitations as it deems proper, and strict compliance with those conditions is an absolute requirement. See Bellecourt, 994 F.2d at 430.

Furthermore, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)); Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991). A waiver of immunity, "if it exists at all, should be sought in the statute giving rise to a cause of action." Murray v. United States, 686 F.2d 1320, 1325 (8th Cir. 1982). Accordingly, waivers of sovereign immunity are

subject to strict construction. See Honda v. Clark, 386 U.S. 484, 501 (1967); United States v. New York Rayon Importing Co., 329 U.S. 654, 659 (1947). As a consequence, in construing the terms and conditions of the Government's waiver of immunity from suit, "all doubts must be resolved in favor of the government." Palmer v. General Services Administration, 787 F.2d 300, 301 (8th Cir. 1986).

The FTCA is a limited waiver of sovereign immunity which requires compliance with the statutory conditions imposed by Congress, Bellecourt, 994 F.2d at 430, which are to be construed narrowly. In order to bring a tort claim against the United States under the FTCA, a claimant must first file an administrative claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency. See 28 U.S.C. §§ 2401(b), 2675. Additionally, the FTCA requires that the named defendant in an FTCA action be the United States and only the United States. See 28 U.S.C. §§ 1346(b), 2674, 2679(a); Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir.1991) (noting that to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant).

**b. Analysis**

As a threshold consideration, this Court notes that an action under the FTCA may not be brought "unless the claimant shall have first presented the claim to the appropriate agency and his claim shall have been finally denied by the agency." 28 U.S.C. §2675. Under the law of this Circuit, the presentment of an administrative claim is jurisdictional and must be pled and proved by the FTCA claimant. See Bellecourt; 994 F.2d at 430; Melo v. United States, 505 F.2d 1026 (8th Cir. 1974); Lundgren v. United States, 810 F. Supp. 256, 257 (D.Minn. 1992). The record here, however,

indicates that Plaintiff has satisfactorily exhausted his administrative tort remedies as to his claim. The Court therefore turns to the merits of the exhausted claim.[3]

It is undisputed that Plaintiff did not name the United States as the Defendant in this FTCA suit and as a result, this Court lacks jurisdiction. See Allgeier v. United States, 909 F.2d 869, 871 (6th Cir.1990). Plaintiff's administrative claim was denied on August 3, 2000, and thus he had until approximately February 3, 2001, to initiate a tort claim against the United States. Consequently, a dismissal, even without prejudice, is equivalent to a dismissal with prejudice because the six-month period has now expired. See 28 U.S.C. § 2401(b). Consequently Plaintiff will be unable to re-file his action.

Plaintiff concedes that the original complaint was defective in its failure to name the United States as the Defendant, but essentially moves the Court (within his response to the instant motion) for leave to amend the complaint to substitute the United States as the party defendant.[4] There are two separate theories under which this Court might permit the case to go forward. First, the Court could permit Plaintiff to amend the complaint, and hold that the amendment relates back to the original date of filing, thus making the amended complaint timely. Second, the Court may equitably toll the statute of limitations, so that Plaintiff may file a timely complaint.

---

[3] This Court rejects Defendant's challenge to this Court's jurisdiction under the FTCA because Plaintiff did not suffer a physical injury. While the attempted suicide was not fatal it clearly resulted in some physical injury.

Furthermore, this Court will not address Defendant's contention that the United States did not waive its sovereign immunity for Bivens claims because the record clearly indicates that Plaintiff is not asserting Bivens type claims. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[4] *Pro se* complaints are held to a less strict standard than those drafted by a lawyer. See Estelle v. Gamble, 429 U.S. 97 (1976).

**i. Relation Back**

Fed. R. Civ. P. 15(c)(3) allows relation back of an amendment to substitute a proper defendant if: (1) the original complaint was timely filed, and (2) the defendant to be brought in by amendment has notice of the suit, within the 120 days provided by Fed. R. Civ. P. 4(m) ("Rule 4(m)")[5]. See Fed. R. Civ. Pro. 15(c)(3). If the defendant to be brought in by amendment is the United States, then the notice requirement is satisfied if either the United States Attorney or the Attorney General is served process within the 120 days allowed by Rule 4(m). See Hunt v. Dep't. of the Air Force, 29 F.3d 583, 588 (11th Cir.1994).

Thus, an amendment to cure an improperly named defendant is allowed if the proper defendant receives notice within 120 days of the filing of the complaint. Notice to the United States, for purposes of relation back, is accomplished if either the United States Attorney or the Attorney General is served before the expiration of the 120 days. See Fed. R. Civ. Pro. 15(c)(3). In the instant case, the record reveals that Plaintiff served the U.S. Attorney on December 8, 2000, well within the time period prescribed by Rule 15(c)(3). (See Docket Nos. 11 & 12.) Accordingly, Plaintiff meets all the requirements of Rule 15(c)(3) and the amendment should be allowed.

Because this Court finds that the Federal Rules of Civil Procedure require that Plaintiff be granted leave to amend the Complaint, we will not address the question of equitable tolling.[6]

---

[5] Rule 4(m), in turn, governs the time for service of process, and allows the plaintiff 120 days from the filing of the complaint. See Fed. R. Civ. P. 4(m).

[6] The Eight Circuit Court of Appeals has held that the statute of limitations in suits against the government may be equitably tolled in appropriate circumstances. See Arigo v. United States, 980 F.2d 1159, 1161 (8th Cir.1992) (FTCA case); Schmidt v. United States, 933 F.2d 639, 640 (8th Cir.1991). Our Court of Appeals has generally reserved application of equitable tolling for circumstances which were truly beyond control of the plaintiff or for conduct of the defendant that lulled the plaintiff into inaction. See Baldwin County Welcome Center v.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (Docket No. 22) be **DENIED**[7];

2. Plaintiff will file an Amended Complaint naming the United States as the Defendant within thirty days from the date of this Order.

Dated: August 31, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and

---

Brown, 466 U.S. 147, 151, (1984) (per curiam); Niccolai v. U.S. Bureau of Prisons, Director, 4 F.3d 691 (8th Cir. 1993). "It is clear that equitable tolling is premised on the plaintiff's excusable neglect, which may or may not be attributable to the defendant." Anderson v. Unisys Corp., 47 F.3d 302, 306 (8th Cir.), cert. denied, 516 U.S. 913 (1995); see also Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir.1995) ("[E]xcusable ignorance may provide the basis for the proper invocation of the doctrine of equitable tolling.").

After a careful review of the record, this Court notes, without deciding, that Plaintiff's failure to amend the Complaint to name the United States as the Defendant may constitute excusable neglect. Plaintiff reasonably believed that he had taken all of the required steps to comply with the statute and was never informed that his claim needed to name the United States as the Defendant. Given his status as a *pro se* prisoner and the fact that he has complied with all other procedural requirements in a timely fashion, there may be sufficient evidence to equitably toll the statute of limitations period.

[7]Defendant's arguments regarding Plaintiff's allegations of medical malpractice are moot because the record clearly indicates that Plaintiff does not allege any claims of medical malpractice. (See Pl.'s Resp., Docket No. 26, at 4.)

it is therefore not appealable to the Circuit Court of Appeals.