UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dale P. Stocker,

Plaintiff,

vs.

United States of America,[1]

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2016 ADM/FLN

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Federal Bureau of Prison's (the "United States") objections [Doc. No. 29] to the August 31, 2001, Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel [Doc. No. 27]. The R&R recommended that Defendant's Motion to Dismiss be denied, and that Plaintiff be permitted to file an Amended Complaint naming the United States as the Defendant. For the reasons set forth below, the R&R is rejected, and Defendant's Motion to Dismiss [Doc. No. 22] is granted.

## II. BACKGROUND

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Defendant's present objections.

---

[1] This case was originally brought against the Federal Bureau of Prisons, North Central Region. Pursuant to the recommendation of Judge Noel in his R&R, Plaintiff filed an Amended Complaint on September 10, 2001, changing the named defendant to the United States.

FILED 11-20-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 11 20 01
DEPUTY CLERK

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of a R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

The United States objects to the portion of the R&R denying its motion to dismiss under Fed. R. Civ. P. 12(b)(1) on sovereign immunity grounds. On a factual challenge to jurisdiction under 12(b)(1), the district court has substantial authority to weigh the evidence and satisfy itself as to the existence of its power to hear the case, and the plaintiff has the burden of proof that jurisdiction exists. Titus v. Sullivan, 4 F.3d 590, 593 n.1 (8th Cir. 1993). The Defendant does not object to Judge Noel's conclusion that Plaintiff's suit is under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 et seq., seeking money damages arising from his alleged injuries caused by prison conditions. This factual predicate states a constitutional tort claim.

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature, and the terms of the United States' consent to be sued in any court define that court's jurisdiction. See id.

The first question is whether the suit is "cognizable," or actionable, under § 1346(b) of the FTCA,[2] which would make the FTCA remedy exclusive. Id. at 476-477. To be actionable

[2] Section 1346(b) provides:
[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while

under §1346(b), a claim must allege that the United States would be liable to the claimant as a private person in accordance with the law of the place where the act or omission occurred. In short, "[a] constitutional tort claim . . . could not contain such an allegation." Id. at 477-478. The reference in § 1346(b) to "the law of the place" means law of the State, which is the source of substantive liability under the FTCA. See id. at 478. However, "[b]y definition, federal law, not state law, provides the source of liability for a claim alleging deprivation of a federal constitutional right." Id. Thus, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." Id.

Because Stocker's claim is not cognizable under § 1346(b), it must be determined whether the United States has waived its sovereign immunity for the claim.[3] Only after this is resolved is the source of substantive law upon which the claimant relies analyzed to determine whether it provides an avenue for relief. Id. at 484.

The FTCA is a waiver of the federal government's sovereign immunity for certain torts committed by federal employees. United States v. Quick International Courier, Inc., 965 F. Supp. 1249, 1253 n.6 (D. Minn. 1996). The waiver of sovereign immunity under the FTCA is limited to claims predicated on the liability of the federal government in the same manner and to the same extent as a private individual under like circumstances, and consequently federal

---

> acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

[3] In Meyer, the Supreme Court held that the FDIC was subject to suit because the organic statute for the Federal Savings and Loan Insurance Corporation ("FSLIC") included a sue-and-be-sued clause that waived the agency's sovereign immunity. See id. at 483.

jurisdiction lies only for claims which state a cause of action under applicable state law. Id. Here, Stocker bases his constitutional tort claim under the FTCA on allegations that the crowded and impersonal conditions of his imprisonment amounted to cruel and unusual punishment in violation of the Eighth Amendment, causing him to suffer depression, stress and ultimately to attempt suicide. R&R at 5-6. The Eighth Amendment is not a state law. As such, the FTCA's waiver of sovereign immunity does not include a waiver for Stocker's Eighth Amendment constitutional tort claim.[4] The United States' motion to dismiss under Fed. R. Civ. P. 12(b)(1) is granted.

The United States' objections to the portions of the R&R relating to the improper party, the § 1346(b)(2) "prior physical injury" preclusion, the malpractice claim, and the failure to state a claim, are rendered moot by this conclusion.

---

[4] On appeal in United States v. Q International Courier, Inc., the Eighth Circuit held that the Postal Reorganization Act's sue-and-be-sued clause, 39 U.S.C. § 401(1), constituted a waiver of the Postal Service's sovereign immunity. United States v. Q International Courier, Inc., 131 F.3d 770, 775 (8th Cir. 1997). No such clause is operative in this case.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Doc. No. 22] is **GRANTED**; and

2. Because the analysis of other issues in the R&R does not include a discussion of the ground on which Defendant's Motion is granted, the R&R [Doc. No. 27] is **NOT ACCEPTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: November 19, 2001